IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                              :        CASE NO. 11-09749 (ESL)
                                                    :
RAFAEL RODRIGUEZ FLORES                             :
ADA YARELIS ORTIZ VEGA                              :        CHAPTER 7
                                                    :
        Debtors                                     :
_____            :

OPINION AND ORDER

The case is before the court upon the Chapter 7 Trustee's (the "Trustee") *Objection to Claimed Exemptions* (the "*Objection*", Docket No. 13). Debtors sustain that after amending their Schedule C to only claim exemptions under Puerto Rico law, they should be allowed to claim the homestead exemption for the totality of their equity in their primary residence under the recent Puerto Rico Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", referred to herein as the "PR Home Protection Act"). The Trustee argues that the recent PR Home Protection Act is inapplicable to bankruptcy cases and that all of Debtors' exemptions must be disallowed. For the reasons stated below, the Trustee's *Objection* is granted and the Debtors' claim to for the homestead exemption pursuant to the laws of Puerto Rico is denied.

Procedural Background

Debtors filed a Voluntary Chapter 7 Petition with its corresponding schedules on November 9, 2011 (Docket No. 1). In Schedule C, they claimed the following exemptions:

|   | Property | Applicable Exemption Law | Exemption claimed | Value of property without exemption |
|---|----------|--------------------------|-------------------|-------------------------------------|
| A. | Primary residence located at Road 143 Km. 50.5 Bauta Arriba Ward, Orocovis, PR | 31 L.P.R.A. §§ 385(a), 1851-1857 | $330,000 | $330,00 |
| B. | Cash on Hand | 26 L.P.RA. § 1135 | $100.00 | $100 |
| C. | BPPR Checking Account | 10 U.S.C. § 1135 | $2.00 | $2.00 |
| D. | Household Goods (Refrigerator $300.00; Stove $300.00; Washer $500.00; TV $750.00; Dinning Room Set $500.00; PC $400.00; Bedroom Sets | 32 L.P.R.A. §§ 1130(1), (2), (8), (11), (14) | $3,950 | $3,950 |

| | | | | |
|---|---|---|---|---|
| | $700.00; Living Room Set $100.00) | | | |
| E. | Personal Clothes | 32 L.P.R.A. §§ 1130(1), (2), (8), (11), (14) | $500 | $500 |
| F. | Automovile: Jeep Grand Cherokee | 26 L.P.R.A. § 4(a) | $11,900 | $11,900 |

On December 22, 2011, the Trustee filed her *Objection* (Docket No. 13) to Exemptions A-F. The Trustee objects Exemption A arguing that the PR Home Protection Act is inapplicable to bankruptcy cases and, thus, the exemption should be denied. In regards to Exemption B ("cash on hand"), the Trustee avers that no annuity was listed on Schedule B and that cash on hand is not an annuity. The Trustee also contends that contrary to the previous two Exemptions A & B (claimed under Puerto Rico law), Exemption C was claimed under federal law [11 U.S.C. § 1035] which is prohibited under 11 U.S.C. § 522(b)(1), and that, regardless, it only applies to active members of the military who deposit funds with any branch, office or officer of the uniformed service, who in turn deposit these funds with the United States Treasury, which does not apply to Debtors. Regarding Exemption D (claimed under Puerto Rico law), the Trustee alleges that the claimed values of several exemptions surpassed those allowed by Puerto Rico law and that the difference should be turned over to the Trustee for administration for the benefit of creditors. The Trustee also objects Exemption E claiming that after having searched for the alleged legal statute under which Debtors had claimed it, to wit, PRLA 32 § 4(a)[1], she had not been able to find it and concluded that "it does not exist". Subsequently, the Trustee argues that Article 4(d) of the PR Home Protection Act expressly waives the homestead exemption from bankruptcy cases and that Puerto Rico did not opt-out of the exemptions provided by the Bankruptcy Code. Consequently, the Trustee avers that Debtors can only claim the homestead exemption provided in Section 522(d)(1) of the Bankruptcy Code per debtor. Additionally, the Trustee claims that Debtors cannot simultaneously claim local and federal exemptions.

---

[1] Upon conducting the legal research to prepare this opinion, the court found that the correct citation for that claimed exemption was 32 L.P.R.A. § 1130(4a). It is codified under the Puerto Rico Code of Civil Procedure. See the discussion of that statue in subsection (D) of this opinion.

2

On January 19, 2012, Debtors filed a *Motion to Amend Schedule C* along with an *Amended Schedule C* in which they withdrew the exemptions previously claimed under federal law, to wit, Exemptions C & E, but still claiming the remaining under Puerto Rico law.  Also on January 19, 2012, Debtors filed an *Answer to Trustee's Objection to Claimed Exemptions* (Docket No. 20) asserting that the homestead exemption provided in the PR Home Protection Act serves as an alternative to the exemptions provided in Section 522(b)(3) of the Bankruptcy Code and consequently they chose the PR homestead exemption over the federal one.  Debtors argue that the PR Home Protection Act was enacted to protect debtors against their creditors, not to unprotect them only because they opted to file a bankruptcy petition.  Debtors also acknowledge that their claimed exemptions over cash on hand, household goods and personal clothes exceeded the amounts permitted under Puerto Rico limits and that in order to remedy that, they amended Schedule C (Docket No. 19)[2].  No further replies were filed.

Applicable Law & Analysis

*(A)     Exemptions in general*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522.  Exempt property will be excluded from the bankruptcy estate unless a party in interest objects.  See 11 U.S.C. § 522(l); Schwab v. Reilly, 130 S. Ct. 2652, 2656; 177 L. Ed. 2d 234, 242 (2010).  The mere fact that debtors claim an exemption does not necessarily mean that they are entitled to it, since there must be compliance with statutory requirements and then an order of the bankruptcy court to that effect.  See 9A Am. Jur. 2d Bankruptcy § 1392; In re Rolland, 317 B.R. 402, 412 (Bankr. C.D.Cal. 2004); In re Colvin, 288 B.R. 477, 483 (Bankr. E.D.Mi. 2003); Carlucci & Legum v. Murray ( In re Murray), 249 B.R. 223, 230 (E.D.N.Y. 2000).

---

[2] As further discussed, the court notes that the values and exemptions claimed over cash on hand, household goods and personal clothes in Schedule C (Docket No. 1, p. 24) are the exactly the same as those claimed in the amended Schedule C (Docket No. 19, p. 2).

3

*(B)      Exemption A: the homestead exemption claimed by Debtors*

All states, including Puerto Rico for bankruptcy purposes[3], have exemption laws that permit the retention of certain properties beyond the reach of an individual's creditor.  See Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:34 (2011-12), p. 913.  In fact, "[u]nder prior [bankruptcy] law, exemptions available to debtors in bankruptcy cases were determined entirely under non bankruptcy law" and " debtors were limited to the exemptions available in the state of their domicile".  Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 522.02 (16th ed. 2011) citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 360 (1977).  Also see § 6 of the Former Bankruptcy Act and Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:34 (2011-12), pp. 913-914.  Currently, there is a "dual exemption scheme in Section 522, affording two exemption systems for debtors unless a state declines to permit the dual system by opting out of the federal bankruptcy exemption system".  Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:34 (2011-12), p. 914, citing 11 U.S.C. § 522(b)(2).  "Because of the perceived generosity of the Bankruptcy Code's exemptions[4], many states have opted out of the Bankruptcy Code exemptions and limit their residents to state and nonbankruptcy federal exemptions, making federal bankruptcy exemptions unavailable to debtors in those states".  Id. at 915.  To prohibit their citizens from choosing the exemptions set forth in Section 522(d) of the Bankruptcy Code, a state must "opt-out" of the federal exemption system.  See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 522.01 (16th ed. 2011).  Currently 34 states have opted-out of the federal exemption system[5].  Id.  These states opted-out of the federal exemptions through express legislation pursuant to Section 522(b).  See *e.g.* the "opt-out" statutes of New York, NY CLS Dr. & Cr. §§ 282-284 ("In

---

[3] See 11 U.S.C. § 101(52).

[4] "The federal bankruptcy scheme of exemptions often may be more generous than the state schemes." Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1 § 5:37 (2011-12), p. 922.

[5] The following states currently prohibit their domiciliaries from electing the federal exemptions contained in 11 U.S.C. § 522(d): Alabama, Arizona, California, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Maine, Maryland, Mississippi, Missouri, Montana, Nebraska, Nevada, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Utah, Virginia, West Virginia and Wyoming.  See Nancy C. Dreher and Joan N. Feeny, Bankruptcy Law Manual, Volume 1, § 5:35 (2011-12), p. 915.

accordance with the provisions of section five hundred twenty-two (b) of title eleven of the United States Code, debtors domiciled in this state are not authorized to exempt from the estate property that is specified under subsection (d) of such section."); Illinois, 735 ILCS 5/12-1201 ("In accordance with the provision of Section 522(b) of the Bankruptcy Code of 1978, (11 U.S.C. 522(b)), residents of this State shall be prohibited from using the federal exemptions provided in Section 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. 522(d)), except as may otherwise be permitted under the laws of Illinois"); Maryland, Md. Cts. & Jud. Proc. Code Ann. Sec. 11-504(g) ("In any bankruptcy proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the federal Bankruptcy Code"); Californa, Cal. Code Civ. Proc. § 703.130 ("Pursuant to the authority of paragraph (2) of subsection (b) of Section 522 of Title 11 of the United States Code, the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code (Bankruptcy) are not authorized in this state."); Florida, Fla. Stat. Ann. § 222.20 ("In accordance with the provision of [Section] 522(b) of the Bankruptcy Code of 1978 [11 U.S.C. § 522(b)], residents of this state shall not be entitled to the federal exemptions provided in [Section] 522(d) of the Bankruptcy Code of 1978 [11 U.S.C. § 522(d)]. Nothing herein shall affect the exemptions given to residents of this state by the State Constitution and the Florida Statutes.")  If the debtor's state has not opted out of the federal exemption system through legislation, the debtor can choose between either the exemptions provided in Section 522(d) or the ones available under applicable state and nonbankruptcy federal law.  See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 522.01 (16th ed. 2011). The selection of federal exemptions constitutes a waiver to claim state exemptions and vice-versa. See William L. Norton, Jr. & William L. Norton III, Norton Bankruptcy Law and Practice, 3rd Ed. § 56:3 (2012).  Puerto Rico has not enacted legislation expressly opting out of the federal exemption scheme.

On September On September 13, 2011, Governor Fortuño signed the PR Home Protection Act into law.  Its **exclusive** intention, as expressed in its recitals, is to protect Puerto Rico's citizens from the execution of judgments against their primary residences and to establish its corresponding procedure. See the Statement of Reasons of the PR Home Protection Act, 2nd & 6th paragraphs.  The recitals and Statement of Reasons of the PR Home Protection Act provide no reference whatsoever

5

to the Bankruptcy Code. Neither do its corresponding reports from the House of Representatives or the Senate recommending its enactment. Article 4(d) thereof, however, provides that the homestead protection is unwaivable **except** in those cases where the Bankruptcy Code is applicable. Thus, pursuant to Article 4, when a Debtor files for bankruptcy, he/she automatically waives the homestead protection provided therein. The PR Home Protection Act does not include any opt-out language and none can be inferred from its dispositions.

The PR Home Protection Act expressly repealed the Puerto Rico Homestead Act No. 87 of May 13, 1936, 31 L.P.R.A. §§ 1851-1857 (the "PR Homestead Act of 1936"), which had in turn repealed the prior homestead law of 1903 that had formerly been incorporated into Articles 541-544 of the Puerto Rico Civil Code. Said PR Homestead Act of 1936 had been subsequently amended by the following:

(a) Act No. 4 of March 15, 1939: clarified that every head of a family to posses a homestead of a property up to the value of $500 and provided that said right was unwaivable except in those cases of mortgages insured by or drawn in favor of the Federal Housing Administrator.

(b) Act No. 15 of December 31, 1946: provided that the right to homestead was unwaivable except in those cases of mortgages insured by or drawn in favor of the Federal Housing Administrator or in cases of loans to veterans insured or secured by the United States Veteran's Administration.

(c) Act No. 1 of February 11, 1955: increased the value of the homestead protection from $500 to $1,500 and added a provision regarding the Federal Land Bank of Baltimore, the Puerto Rico Production Credit Association, and the National Farm Loan Association of San Juan, Puerto Rico.

(d) Act No. 1 of April 24, 1957: added a reference to the Small Business Administration.

(e) Act No. 31 of June 15, 1965: added the phrase "and of loans and mortgages secured or granted by the Housing Bank of Puerto Rico" at end of section.

(f) Act No. 13 of May 28, 1969: added references to Farm Credit Corporation and Farmers Home Administration.

(g)    Act No. 116 of May 2, 2003: amended the section generally, increased the value of the homestead from $1,500 to $15,000 and added the phrase "and in the cases of conventional mortgages" at the end.

A careful analysis of those laws preceding the current PR Home Protection Act reveals that none of them included a bankruptcy exception to the general rule that the homestead right is unwaivable.  Because the Bankruptcy Code was enacted in 1978, careful consideration was given to the Statement of Reasons and recitals of the 2003 amendments.  Like the PR Home Protection Act, the recitals of Act No. 116 of May 2, 2003 state that its **exclusive** intention was to protect Puerto Rico citizens from the execution of judgments against their primary residences.  Additionally, Article 1 of the 2003 amendment also provided that it was targeted to "include as waivable the right of homestead in conventional mortgages."  No reference to the Bankruptcy Code was included there either.

In sum, since the inception of the homestead protection in Puerto Rico in 1903, the only reference to its effect in bankruptcy cases was only recently incorporated in 2011 through Article 4(d) of the PR Home Protection Act.  The court can only interpret the PR Home Protection Act through its own provisions, since the legislative history, the recommendation reports and previous related laws provide no guidance whatsoever in regards to bankruptcy cases.

"[I]n interpreting a statute a court should always turn to one cardinal canon before all others. . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there."  Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-254 (1992).  Indeed, "when the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"  Id. at 254.  The court finds that Article 4(d) of the PR Home Protection Act is not ambiguous: in Puerto Rico, a citizen **waives** his/her right to the homestead protection upon filing for bankruptcy.  As a result, a debtor who files for bankruptcy in Puerto Rico may only claim for homestead exemption under federal law, which is what the second part of Article 4(d) refers to ("in which case the dispositions of the [Bankruptcy] Code will apply").

In the instant case, Debtors waived the homestead protection set forth in the PR Home Protection Act upon filing for bankruptcy.  Consequently, the Trustee's *Objection* to Exemption A

7

is granted.

*(C) Exemption B: the cash on hand exemption*

Article 11.350 of the Puerto Rico Insurance Code states that the "[t]he benefits, rights, privileges and options which [an] annuitant may have under any annuity contract shall be free of claims from his/her creditors, and the creditors shall not be allowed to interfere with or terminate the contract" except for certain circumstances provided therein. 26 L.P.R.A. § 1135. An "annuity" is a "right to receive fixed, periodic payments, for a specified period of time." Williams v. Metzler,132 F.3d 937, 947 (3rd Cir. 1997). Likewise, an "annuity insurance" is a "contract under which, in exchange for payment of a premium or premiums, the recipient thereof is bound to make future payments, typically at regular intervals, in amounts, to payees, and on conditions specified in the parties' agreement." 4 Am. Jur. 2nd Annuities § 1. Also see Black's Law Dictionary (8th ed. 2004), p. 815.

The Trustee argues in her *Objection* that "cash on hand [referring to Exemption B] is not an annuity" (Docket No. 13, p. 3, ¶ 4(b)). The court finds that "cash on hand" is not necessarily an "annuity" and that the Debtors have not placed this court in a position to determine if the alleged cash on hand is an annuity or not under 26 L.P.R.A. § 1135: no evidence or allegation was proffered or filed to prove that the cash on hand is or not the product of an annuity or if it even qualifies as such. Therefore, the court grants the Trustee's *Objection* to Exemption B.

*(D) Exemptions D: the household goods and personal clothes exemptions*

Exemptions D & E are exactly the same in Debtors' Amended Schedule C (Docket No. 19, p. 2) and her original Schedule C (Docket No. 1, p. 23). The Trustee sustains in her *Objection* that Debtors' claimed exemption values exceeded the ones allowed under the Puerto Rico Civil Code (Docket Nos. 13, pp. 3-5). To that extent, she provided a comparative chart of the mounts of Debtors' claimed exemptions and the ones allowed under Puerto Rico law.

| Property claimed exempt by Debtor | Amount claimed by Debtors as exempt under Puerto Rico law | Amount allowed by Puerto Rico law | Objected excess amount |
|---|---|---|---|
| Refrigerator | $300 | $200 | $100 |

8

| Stove | 300 | 200 | 100 |
|---|---|---|---|
| Washer | 500 | 200 | 100 |
| Dryer | 400 | 0 | 400 |
| TV | 750 | 250 | 50 |
| Dinning Room Set | 500 | 100 | 400 |
| Personal Computer | 400 | 0 | 400 |
| Bedroom Sets | 700 | 200 | 300 |
| Living Room Set | 100 | 0 | 200 |
| Personal Cloths | 500 | 0 | 500 |
| **TOTAL** | $4,450 | $1,150 | $3,300 |

In their *Answer to Trustee's Objection to Claimed Exemptions*, Debtors acknowledge that the values they had originally claimed in Schedule C (Docket No. 1, p. 24) "exceeded the Puerto Rico State limits, as well brought by the Trustee" and that in order to cure that situation, they had filed the Amended Schedule C (Docket No. 19, p. 2). See Docket No. 20, p. 1, ¶ 4. Nevertheless, the amounts and exemptions claimed in Exemptions D are exactly the same in both the original Schedule C and amended one. Compare Docket No. 1, p. 24, with Docket No. 20, p. 2. Debtors claimed Exemptions D & E under subsections 1, 2, 8, 11 and 14 of Article 249 of the Puerto Rico Code of Civil Procedure, 32 L.P.R.A § 1130(1), (2), (8) & (14).  Those subsections provide as follows:

In addition to the homestead exempted by the Homestead Law [as amended by the PR Home Protection Act], the following property belonging to an actual resident of this Commonwealth of Puerto Rico shall be likewise exempted from execution, except as herein otherwise provided:

(1) Chairs, tables, desks and books, to the value of one hundred (100) dollars, belonging to the judgment debtor.

(2) Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in the family, or belonging to a woman, and stove, furniture, beds, bedding and bedsteads, not exceeding in value two hundred (200) dollars, wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames, provisions actually provided for individual or family use sufficient for one month; one cow with her suckling calf, and one hog with her suckling pigs.

...

(8) The shares held by a member of a homestead association duly incorporated, not exceeding in value five hundred (500) dollars, if the person holding the share is not the owner of a homestead under the laws of this Commonwealth.

9

...

(11) All arms, uniforms, and accouterments required by law to be kept by any person; also one gun.

...

(14) Common iceboxes expressly designed and commercially known for home use; home-use kitchens; wash machines for home use whose cash price does not exceed two hundred (200) dollars; radio receiving sets whose cash price does not exceed one hundred (100) dollars; television sets for home use whose cash price does not exceed two hundred and fifty (250) dollars per unit, and electric irons for home use, are likewise exempted from attachment and execution.

Upon consideration of the exemptions provided by the Puerto Rico Code of Civil Procedure and Debtors' acknowledgment to that effect, the Trustee's *Objections* to the excess amounts claimed by Debtors in Exemptions D & E are granted (Docket No. 8, pp. 2-5, ¶4(d)).  Therefore, Debtors can only claim as exempt the total amount of $1,150 for Exemptions D & E.

## Conclusion

In view of the foregoing, the court grants the Trustee's *Objection* (Docket No. 13) and denies Debtors' claimed Exemptions under the PR Home Protection Act in Amended Schedule C (Docket No. 19, p. 2), only allowing Exemptions D & E up to the amount of $1,150.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of April, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

10